**UNITED STATES of America,**
**Appellee,**

v.

**Franklin Dwight RICHARDS, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Claude Dean AKERS, Appellant.**

**Nos. 14709, 14710.**

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1971.

Decided May 18, 1971.

Charles T. Leighton (Court-appointed counsel), Falls Church, Va., for appellants.

David H. Hopkins, Asst. U. S. Atty., (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Franklin Dwight Richards and Claude Dean Akers were convicted in separate trials on charges of kidnapping and rape. We affirm.

On September 7, 1969, a white male, displaying a revolver, forced one Miss X [1] into a car driven by a Negro male in Washington, D. C. While in the car she was raped by the white male who was subsequently identified as the defendant Akers. They then drove to a wooded area along the George Washington Parkway in Virginia on lands owned by, and within the territorial jurisdiction of, the United States where Miss X was raped by the Negro who was subsequently identified as the defendant Richards. The men then returned the victim to the spot where they had picked her up and there released her.

On September 12, 1969, Miss Y and Miss Z, while waiting for a bus in Washington, D. C., accepted a proffered ride in a car driven by a Negro male; a white male was a passenger in the front seat. They had driven only a short distance when the white male turned around and held the girls at gunpoint. The car was driven to the same wooded area along the George Washington Parkway where Miss X had been raped five days earlier. After striking Miss Y with the pistol, the white male raped her. Subsequently the girls were driven back to Washington and released.

On September 22, 1969, Miss X recognized her Negro attacker who was driving an automobile other than the one in

---

1. The name of this victim is not disclosed here for obvious reasons. Other female victims hereinafter mentioned will be referred to as Miss Y and Miss Z.

which she had been abducted. The license number was given to the police and later that evening the vehicle was stopped and the Negro driver, Richards, was arrested. Defendant Akers was apparently a passenger in the car at that time but he escaped from the police.

On September 30, 1969, Richards was viewed by Miss X in a lineup but she was unable to identify him. She did, however, identify a car registered in his name as the car used in her kidnapping. On November 4, 1969, following his apprehension, defendant Akers was identified in a lineup by both Miss Y and Miss Z.

At trial Miss Y and Miss Z identified defendant Akers as the man who kidnapped them and raped Miss Y. At the trial of Richards Miss X identified him as the Negro who had kidnapped and raped her. Furthermore, at the trial of Richards, Akers appeared as a witness for the Government and identified Richards as the man who had raped Miss X. Akers was convicted of the kidnapping and rape of Miss Y and the kidnapping of Miss Z. Richards was convicted of the kidnapping and rape of Miss X.

The principal question presented on appeal concerns a lineup in which Akers appeared and was identified by Miss Y and Miss Z. The contention is that, due to the participation therein of police officers in partial uniform, the lineup was unduly suggestive. Appearing in the lineup were Akers and six police officers; five of the six officers were called as defense witnesses. Of the five, one was not questioned regarding the clothing he was wearing at the time, one stated that he was wearing no part of his uniform at the lineup, and one indicated that he may have been wearing his holster but that, if so, it was not visible. Each of the two remaining officers admitted wearing the shirt, trousers and shoes which were a part of his regular uniform; however, it is clear from a photograph of the lineup which was introduced in evidence as an exhibit in Akers' trial that, as to these two, their shirts were covered with civilian jackets and their trousers and shoes were of a type wholly unidentifiable as parts of police uniforms. Additionally, Akers was represented at the lineup by a Legal Aid attorney who offered no pertinent objection.

Under these circumstances we conclude that the challenge to the lineup is without substance and that the in-court identification of Akers was not "tainted" by the lineup procedure.

Upon consideration of the briefs and oral argument and after a thorough review of the record, we find no merit in the remaining assignments of error.

Affirmed.